F I L E D
Clerk
District Court

MAR 18 2025

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN ROBERT DEMOS JR.,<br><br>Petitioner,<br>v.<br><br>WASHINGTON TERRITORY, STATE OF WASHINGTON, THE LONDON COMPANY, THE ROYAL AFRICAN COMPANY, and THE NORTHWEST COMPANY,<br><br>Respondents. | Case No. 1:23-cv-00017<br><br>ORDER DISMISSING WITHOUT PREJUDICE PETITIONER'S MOTION TO FILE A SECOND OR A SUCCESSIVE HABEAS CORPUS PETITION OR IN THE ALTERNATIVE A WRIT OF MANDAMUS |

Before the Court is petitioner John Robert Demos, Jr.'s Motion to File a Second or a Successive Habeas Corpus Petition or in the Alternative a Writ of Mandamus. (ECF No. 1.) Demos is incarcerated at the Washington State Penitentiary on 1978 convictions for attempted first-degree rape and first-degree burglary. (App. 36, ECF No. 1-1). He attached to his Motion an Appendix consisting of letters and orders from different courts including: the U.S. Supreme Court, the Ninth Circuit Court of Appeals, legal aid clinics, the U.S. Court of Appeals for the District of Columbia, the Supreme Court of the State of Washington, and other local courts in Washington. (*See generally id.*) The documents contained in the Appendix largely consist of courts and entities denying Demos review of his petitions, filings, or assistance. (*Id.*)

Demos titled his petition as a motion to the court to file a second habeas corpus petition or requesting a writ of mandamus. (Mot. 1.) However, Demos's alleged facts do not support a

habeas or writ of mandamus motion.[1] Rather, Demos states in his pleading that both the lower U.S. district courts and the Supreme Court of Washington have issued bar orders and injunctions that block, impede, and curtail Demos's right to petition the government for redress of grievances under the First Amendment of the U.S. Constitution. (*Id.* at 7.) Demos further asserts that his right to access the courts cannot be "gainsayed, stifled, impeded, or bargained away," and that his right of free speech cannot be impeded. (*Id.*)

Demos is a Washington state prisoner who has submitted neither the civil filing fee for commencing this action nor an *in forma pauperis* application. Pursuant to 28 U.S.C. § 1915(g),

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

After reviewing the orders filed in Demos's many prior civil actions, the Court finds that he has accrued three or more "prior occasions" in which his civil action or appeals were dismissed on the ground that they were frivolous, malicious, or failed to state a claim and has notice of these three strikes. *See, e.g.*, *Demos v. Barker*, Case No. C22-1706JLR, 2023 WL 34548 (W.D. Wash. Jan. 3, 2023); *Demos v. Wash. State Indeterminate Sentence Rev. Bd.*, Case No. C22-5987-RSL-BAT, 2022 WL 17847398 (W.D. Wash. Dec. 21, 2022); *Demos v. Wash. Dep't of Corr.*, Case No. C22-0724RSL, 2022 WL 281834 (W.D. Wash. July 19, 2022); *see also Ray*

---

[1] Even if the Court were to construe Demos's motion as requesting to file a second or successive habeas corpus petition or writ of mandamus, this Court cannot grant such a request. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Ninth Circuit has already denied Demos's request to file a second or successive habeas corpus petition. (App. 27.) Additionally, it is unclear what Demos requests this Court to issue a writ of mandamus for. If Demos is requesting this Court to issue a writ of mandamus commanding a judge or court in another district to vacate a bar order, it "would not be agreeable to the usages and principles of law." *In re Melekov*, 114 F.2d 727, 727 (9th Cir. 1940).

*v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022) (allowing a court to sua sponte raise § 1915(g)'s bar during screening and not require the court to provide additional process). Further, nothing in Demos's filings suggest that he is or was in imminent danger of serious physical injury when he filed this action or that there is a continuing practice that injured him in the past that poses an "ongoing danger." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007). Therefore, Demos may not proceed in this action without concurrent payment of the civil filing fee.

Thus, this action is DISMISSED WITHOUT PREJUDICE to Demos filing a new action with concurrent payment of the filing fee. The Court will take no action on any documents filed herein that are not accompanied by the civil filing fee, beyond processing a notice of appeal.

IT IS SO ORDERED this 18th day of March, 2025.

RAMONA V. MANGLONA
Chief Judge